IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 3:17-cr-00075-JO-3 |
| v. | ) ) | |
| AARON RAY WEST | ) ) | OPINION AND ORDER |
| Defendant. | ) ) ) | |

JONES, J.

Defendant Aaron Ray West (West) moves to have the Court reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 310. West, currently incarcerated at FCI Sheridan, has a projected release date of March 3, 2023. Gov't. Resp., ECF No. 315, at 2. He requests that his sentence be reduced to time served. He claims that his medical conditions (diabetes[1], hypertension, and a history of substance abuse) in light of the COVID-19 pandemic provide

---

[1] It is unclear whether West suffers from diabetes. While his medical record shows a family history of the disease, it does not show that he has been diagnosed with diabetes. He receives no medication for it. ECF No. 316-1.

1   Opinion and Order

extraordinary and compelling reasons for compassionate release. The government opposes his motion. For the reasons that follow, I DENY West's motion for compassionate release.

## BACKGROUND

West pleaded guilty to conspiracy to possess with intent to distribute heroin. He has served approximately 55 percent (including good time credits) of his 70-month sentence. He has been fully vaccinated against COVID-19. ECF No.316-1 at 37.

## LEGAL STANDARD

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). However, Congress has expressly authorized a district court to modify a defendant's sentence in three limited circumstances, including granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Although the compassionate release statute previously permitted sentence reductions only upon motion of the Director of the Bureau of Prisons (BOP), Congress expanded the statute in the First Step Act of 2018. Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018) (FSA). Now, a defendant may bring a motion for compassionate release, but only *after*: (1) petitioning the BOP to make such a motion on the defendant's behalf; *and* (2) either (a) exhausting all administrative appeals after the BOP denied the defendant's petition or (b) thirty days have elapsed after the warden of the defendant's facility received the defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

Pursuant to the FSA, a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction; . . . and . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. §

3582(c)(1)(A)(i). Congress did not define "extraordinary and compelling" other than providing that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t).

The "applicable policy statement by the Sentencing Commission" for sentence reductions was last amended before the FSA passed and is found in the Application Notes to United States Sentencing Guidelines (U.S.S.G.) § 1B1.13. Application Note 1 of the policy statement commentary defines extraordinary and compelling reasons justifying compassionate release. U.S. Sentencing Guidelines Manual § 1B1.13, cmt. n.1 (U.S. Sentencing Comm'n 2018). Application Note 4 directs courts to consider the sentencing factors found in 18 U.S.C. §3553(a) and determine whether the defendant is a danger to the safety of the community before granting compassionate release. *Id.* at cmt. n.4. Although applying only to motions filed by the BOP director and not those filed by a defendant, the policy statement "may inform a district court's discretion for §3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda,* No. 20-10245, 2021 WL 1307884 at *4 (9th Cir. April 8, 2021).

The Sentencing Commission's policy statement defines extraordinary and compelling circumstances to include among other factors the medical condition of the defendant, including a terminal illness, or any non-terminal illness "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 *at* cmt. n.1(A).

While the COVID-19 global health crisis is an exceptional event, even so, compassionate release remains "rare" and "extraordinary," and courts routinely deny claims from inmates absent a showing of truly exceptional circumstances. *United States v. Hamman,* No. 3:16-cr-185-SI, 2020 WL 3047371, at *5 (D. Or. June 8, 2020); *United States v. Valdez,* No.3:19-cr-323-

IM-01, 2021 WL 325715, at *3 (D. Or. Feb. 1, 2021). The existence of COVID-19 cannot alone justify compassionate release. As the United States Court of Appeals for the Third Circuit explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, . . . [b]ut the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

To demonstrate extraordinary and compelling reasons for compassionate release, defendants should show that they are particularly susceptible to serious illness or death if they contract COVID-19, usually as a result of one or more underlying comorbidities. *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021). And '[c]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, No. 1:16-cr-130-DAD, 2020 WL 704785, at *2-3 (E.D. Cal. Feb 12, 2020); *United States v. Valdovinos*, No. 3:18-cr-497-SI-03, 2020 WL 7711363, at *2 (D. Or. Dec. 29, 2020).

Defendants bear the burden to establish both that they have satisfied the procedural requirements for judicial review and that compelling and extraordinary reasons exist to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Nothing in the record indicates that West filed a request for compassionate release with the warden at FCI Sheridan. In his supporting memorandum, West does not state that he filed a request with the warden. The government did not receive a request in the records it obtained from the BOP. Gov't Resp. 2-3, ECF No. 315. The requirement that defendants petition the

BOP to file a motion on their behalf and either exhaust administrative remedies or wait 30 days after the warden receives a request for compassionate release is mandatory and cannot be waived by the Court. *See United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2020 WL 1929200, at *2 (D. Ariz. Apr. 21, 2020) ("The critical inquiry is whether the text of § 3582 allows for the Court to excuse Defendant's failure to exhaust her administrative remedies. There is no indication in the statutory text, nor has Defendant pointed to other supporting evidence, that would establish Congress meant to confer on the courts the authority to waive exhaustion."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (defendant's motion was futile because he "failed to comply with § 3582(c)(1)(A)'s exhaustion requirement," which "presents a glaring roadblock foreclosing compassionate release at this point"). Thus, the Court lacks authority to grant his motion. *See Weidenhamer*, 2020 WL 1929200, at *2; *United States v. Arciero*, No. CR 13-001036 SOM, 2020 WL 3037073, at *4 (D. Haw. June 5, 2020) ("Because Arciero has failed to exhaust her prison administrative remedies, this court lacks the authority to grant the relief she requests"); *United States v. Gray*, No. 18CR2118-JLS, 2020 WL 2991514, at *2 (S.D. Cal. June 4, 2020) ("The record establishes that neither Defendant nor his counsel have submitted a request for Section 3582(c) relief to the warden of the facility. Because the statutory language clearly requires as much before the Court may act, the Court may not excuse any failure to exhaust administrative remedies and lacks authority to consider Defendant's motion until the exhaustion requirement has been met.").

Even if West had petitioned the warden, the Court would not grant his motion. West's recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with West's underlying medical conditions, no longer presents an extraordinary and compelling reason to grant compassionate release. Although vaccines are not one hundred

percent effective, the CDC states that "[a]ll COVID-19 vaccines currently available in the United States have been shown to be safe and effective at preventing COVID-19." *Benefits of Getting a COVID-19 Vaccine, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html* (last visited May 4, 2021). Vaccines are particularly effective at preventing "severe illness and death." *When You've Been Fully Vaccinated, What We Know, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html* (last visited May 4, 2021).

West received a 2-shot regime of the Moderna vaccine. According to the CDC, during clinical trials, the Moderna vaccine had a 94.1% efficacy rate (*Moderna COVID-19 Vaccine Overview and Safety, (updated April 5, 2021) https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html*).[2] The vaccine has been found with high certainty to prevent symptomatic COVID-19. *Morbidity and Mortality Weekly Report (MMWR), The Advisory Committee on Immunization Practices' Interim Recommendation for Use of Moderna COVID-19 Vaccine—United States, December 2020, https://www.cdc.gov/mmwr/volumes/69/wr/mm695152e1.htm?s_cid=mm695152e1_w* (last visited May 4, 2021). While new variants of COVID-19 have emerged, the CDC reports that they are still learning how effective vaccines are against variants. "So far, studies suggest that antibodies generated through vaccination with currently authorized vaccines recognize these variants. This is being closely investigated and more studies are underway." *About Variants of*

---

[2] Recently, the CDC reported that under real-world conditions, the Moderna vaccine was 90% effective against COVID-19. *Interim Estimates of Vaccine Effectiveness of BNT162b2 and mRNA-1273 COVID-19 Vaccines in Preventing SARS-CoV-2 Infection Among Health Care Personnel, First Responders, and Other Essential and Frontline Workers — Eight U.S. Locations, December 2020–March 2021, https://www.cdc.gov/mmwr/volumes/70/wr/mm7013e3.htm* (last visited May 4, 2021).

*the Virus that Causes COVID-19,, https://www.cdc.gov/coronavirus/2019-ncov/transmission/variant.html* (last visited May 4, 2021).

To be clear, while West is not one hundred percent protected from COVID-19, his vaccination provides significant protection from serious illness or death. The CDC reported that breakthrough cases, defined as positive COVID-19 test results received at least two weeks after patients receive their final doses, represent 0.0097 percent of the fully vaccinated population, and nearly 2/3rds of those are in women. *COVID-19 Breakthrough Case Investigations and Reporting, https://www.cdc.gov/vaccines/covid-19/health-departments/breakthrough-cases.html* (last visited May 4, 2021). Current CDC guidelines allow fully vaccinated individuals to visit indoors with other fully vaccinated individuals—or non-vaccinated individuals who are at low risk from COVID-19—without taking precautions such as wearing masks or social distancing. *Interim Public Health Recommendation for Fully Vaccinated People, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html* (last visited May 4, 2021). For fully vaccinated people, the CDC's primary concern appears to be not with fully vaccinated individuals becoming severely ill or being hospitalized due to COVID-19, but with those individuals potentially spreading the virus to unvaccinated people. *See id.* Currently, FCI Sheridan reports no inmates with COVID-19. *https://www.bop.gov/coronavirus/* (last visited May 4, 2021).

The sum of this data demonstrates to the Court that, as a result of his vaccination, West now has significant protection against serious illness or death should he contract COVID-19. Accordingly, the Court concludes that West has not demonstrated that his underlying conditions—in combination with the possibility of a COVID-19 infection—provide extraordinary and compelling reasons to grant his motion for compassionate release.

## CONCLUSION

West never petitioned the Warden at FCI Sheridan requesting compassionate release, as required by 18 U.S.C. § 3582(c)(1)(A). Having received two doses of the Moderna vaccine, he has not met his burden of showing extraordinary and compelling reasons justifying compassionate release. West's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1) (ECF No. 310) is DENIED.

IT IS SO ORDERED.

Dated the 5th of May, 2021.

*Robert E. Jones*
Robert E. Jones
Senior United States District Judge